Botnton, O. J.
The question reserved in the present case arises on demurrer to the petition, and involves the constitutionality of the act of March 29, 1879, entitled, “An act to authorize the commissioners of certain counties to locate and construct turnpike roads.” R. S. §§ 8047-8057, inclusive. The act authorizes the commissioners of all counties having a population, at the federal census next preceding its passage, of not less than 29,130, and not more than 29,135, when they become satisfied that the jjublic interests of their county demand and justify special action for the improvement of the roads therein, to proceed to lay out and construct the same in the manner therein prescribed. Section 6 of said act (R. S. § 8052) provides that, “ Upon the location and establishment of any such turnpike road by the county commissioners, they may, for the purpose of aiding in the construction thereof, levy annually, in addition to other road taxes authorized by law, a tax for turnpike road purposes, of not more than two mills on the dollar of valuation, on the grand duplicate of taxable property in the county, and to continue such levy from year to year, until the road or roads which have been commenced have been' completed.” So much of section 7 as relates to the property to be taxed, is as follows: “No such taxes shall-be levied on any lands which have been heretofore assessed for the construction of any free turnpikes or improved road or roads, already constructed, or in the course of construction at the time of the levy of the tax, unless the amount that would be ratably levied upon such lands exceeds the amount of such assessment, and in such case, such excess only shall be levied and collected.”
The validity of this act is assailed on two grounds.
First, that it is a law of a general nature, and being limited in its operation to Highland county, is in contravention of section 26, article 2, of the constitution, which declares that “all laws of a general nature shall have a uniform operation throughout the state.”
And secondly, that by exempting from the burden of taxa *481 tion lands previously assessed for the construction of free turnpike or improved roads, whether completed, or in process of construction at the time the tax is levied, the act violates the second section of article 12 of the constitution, which, with the exceptions therein specifically provided for, requires all property to be taxed according to its true value in money.
There is no doubt that the county of Highland is the only county in the state to which the provisions of this act can ever apply, and the legislature might just as well have conferred on the commissioners of that county, in express terms, and by direct language, the power actually conferred, as to name the county through the aid of the previous federal census. If the object in employing the language used to designate the county was to give to the act a general character, and thereby to obviate any constitutional objection, while intending to limit its operation to one county, the means adopted very clearly fails to accomplish the object intended. This court has repeatedly said that the constitutionality of an act, in respect to being local or general, is to be determined by its operation, without reference to its form. The State ex rel. v. The Judges, 21 Ohio St. 11; The State ex rel. v. Mitchell, 31 Ohio St. 592; McGill v. The State, 34 Ohio St. 228. If local in its operation, no phraseology can make it general.
The act in question is not only local in its operation, but it was so intended to be by the legislature; and if a law of a general nature, within the meaning of the constitution, it is clearly unconstitutional because of such restricted operation. McGill v. The State, 34 Ohio St., supra. But whether or not the act is general in its nature we find it unnecessary to determine. In our opinion it is clearly in conflict with section 2, article 12, of the constitution, which, with certain specific exceptions, requires all real and personal property to be taxed by a uniform rule, and according to its true value in money. “Equality of burden is the principle of the constitution.” There is to be “ no rule that exempts some proj>erty and casts the burden of government upon the rest.” Exchange Bank of Columbus v. Hine, 3 Ohio St. 43. This, section 7 of the act expressly does. -Lands before assessed for similar improve *482 ments are exempted from taxation to .the extent of the assessment previously made, and the burden from which such lands are thus relieved, is cast on the remaining property of the county. In The City of Zanesville v. Richards, 5 Ohio St. 589, respecting the effect to be given to this provision of the constitution, it was held that “ no tax, either for state, county, township, or corporation purposes, can be levied without express authority of law; ” and “ that this section of the constitution is equally applicable to, and furnishes the governing principle for, all laws authorizing taxes for either purposeand that “ it requires a uniform rate per cent, to be levied upon all property according to its true value in money, within the limits of the local subdivision for which the revenue is collected, subject only to the exemption specifically provided for in the section.” That the act violates this provision of the constitution, in case the fund .to be raised to construct the road or roads is for general revenue purposes, as distinguished from a fund arising from local assessments founded on the principle of furnishing an equivalent by special benefits to the property assessed, is not doubted by •counsel for the defendants. But they contend that the purpose of the legislature, as evinced by the act, was to provide for a local assessment upon real and personal property especially benefited to pay the cost of a local improvement. In this view wTe do not concur. If effect be given to the act, the commissioners are authorized to establish roads anywhere in the county, and to levy a tax from year to year, of two mills on the dollar of valuation on all the property of the county, to pay •the cost of construction, except such lands as have been previously assessed for similar improvements, without any reference to the special benefits conferred. And in the exercise of this discretion they may establish one or more roads, as they may deem the public interests to require, or they may establish none; and if they see fit to establish but one, they are required to cause the property of every citizen of the county, save the excepted lands, to be taxed, however remotely the owner may live from the road constructed, and notwithstanding his property may derive no more benefit therefrom than lands in a remote county. Were we to construe the act as one intended to create an assess *483 ing district bounded by county lines, and to authorize all the property therein, both real and personal, except the exempted lands,to be assessed for the roads constructed, on the principle that such property was specially benefited by the improvement, and that it is within the power of the legislature to enact the statute with such effect, we would sanction a very easy mode of violating the constitution. There is nothing in the language of the act that indicates any intent on the part of the legislature to provide for assessment, as distinguished from taxation. Nothing, in other words, to indicate that the act was passed in the exercise of the power to authorize local assessments, on the principle of special benefits conferred. On the contrary, it was enacted in the exercise of the taxing power. The fund to be raised to pay the cost of the roads to be constructed under the act, was to be provided by a tax levied and collected as ordinary road taxes are, with the difference that the ordinary taxes are raised from a levy on all the taxable property, and the taxes under this act upon a part only. The lands formerly assessed for improved roads cannot be taxed under the act, because expressly exempted; and the remaining property cannot be taxed, because of such exemption. The restriction upon the power to lay a tax on all the property on the grand duplicate of the county, is in direct conflict with the provision of the constitution above quoted, requiring all property, with certain exceptions, to bear its equal and just proportion of the public burdens.

Demurrer to petition overruled cmd injunction made perpetual.